UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TRACY N. BOYNTON

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY

                Defendant.

**MEMORANDUM AND ORDER**

22-CV-6950 (LDH)

---

LaSHANN DeARCY HALL, United States District Judge:

Tracy Boynton ("Plaintiff") appeals the denial of her application for disability insurance benefits under Title II of the Social Security Act (the "Act") by the Social Security Administration Commissioner (the "Commissioner"). The parties cross-move pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings. For the reasons set forth below, the Commissioner's motion is granted, and Plaintiff's motion is denied.

## BACKGROUND[1]

Plaintiff applied for disability insurance benefits on April 22, 2020, alleging disability beginning on April 13, 2020 ("onset date") due to tendonitis in the left foot pending surgery and arthritis in the left knee. (Admin. Tr. ("Tr.") at 65, ECF No. 7.) On August 11, 2020, Plaintiff's application was denied and, again upon reconsideration on February 18, 2021. (Tr. 16.) Thereafter, Plaintiff requested a hearing, which was held on May 27, 2021 before Administrative Law Judge ("ALJ") Jason Miller. (*Id.*) On August 16, 2021, the ALJ determined that Plaintiff was not disabled. (*Id.* at 16.) On September 20, 2022, the Appeals Council declined to review,

---

[1] The Court relies on the facts and evidence adduced in the administrative record for the purpose of deciding the instant motions.

and Plaintiff appealed to this Court on November 14, 2022. (Tr. 1; *see generally*, Compl., ECF No.1.)

## STANDARD OF REVIEW

Under the Social Security Act, a disability Plaintiff may seek judicial review of the Commissioner's decision to deny her application for benefits. 42 U.S.C. §§ 405(g), 1383(c)(3); *see also Felder v. Astrue*, No. 10-cv-5747, 2012 WL 3993594, at *8 (E.D.N.Y. Sept. 11, 2012). In conducting such a review, the Court is tasked only with determining whether the Commissioner's decision is based upon correct legal standards and supported by substantial evidence. 42 U.S.C. § 405(g); *see also Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citing *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)). The substantial-evidence standard does not require that the Commissioner's decision be supported by a preponderance of the evidence. *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982) ("[A] factual issue in a benefits proceeding need not be resolved in accordance with the preponderance of the evidence . . .") Instead, the Commissioner's decision need only be supported by "more than a mere scintilla" of evidence and by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148 (2019).

In deciding whether substantial evidence supports the Commissioner's findings, the Court must examine the entire record and consider all evidence that could either support or contradict the Commissioner's determination. *See Jones ex rel. Tr.J. v. Astrue*, No. 07-cv-4886, 2010 WL 1049283, at *4 (E.D.N.Y. Mar. 17, 2010) (citing *Snell v. Apfel*, 171 F.3d 128, 132 (2d Cir. 1999)), *aff'd sub nom. Jones ex rel. Jones v. Comm'r of Soc. Sec.*, 432 F. App'x 23 (2d Cir. 2011). Still, the Court must defer to the Commissioner's conclusions regarding the weight of conflicting evidence. *See Cage v. Comm'r of Social Sec.*, 692 F.3d 118, 122 (2d Cir. 2012)

(citing *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998)).  If the Commissioner's findings are supported by substantial evidence, then they are conclusive and must be affirmed.  *Ortiz v. Comm'r of Soc. Sec.*, No. 15-CV-3966, 2016 WL 3264162, at *3 (E.D.N.Y. June 14, 2016) (citing 42 U.S.C. § 405(g)).  Indeed, if supported by substantial evidence, the Commissioner's findings must be sustained, even if substantial evidence could support a contrary conclusion or where the Court's independent analysis might differ from the Commissioner's.  *See Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982)); *Anderson v. Sullivan*, 725 F. Supp. 704, 706 (W.D.N.Y. 1989); *Spena v. Heckler*, 587 F. Supp. 1279, 1282 (S.D.N.Y. 1984).

## DISCUSSION

The Commissioner's regulations prescribe the following five-step framework for evaluating disability claims.  First, the Commissioner considers whether the Plaintiff is currently engaged in substantial gainful activity.  Second, if he is not, the Commissioner next considers whether the Plaintiff has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  Third, if the Plaintiff suffers such an impairment, the next inquiry is whether, based solely on medical evidence, the Plaintiff has an impairment which is listed in Appendix 1 of the regulations.  If the Plaintiff has such an impairment, the Commissioner will consider him [per se] disabled. . . Fourth, assuming the Plaintiff does not have a listed impairment, the next inquiry is whether, despite the Plaintiff's severe impairment, he has residual functional capacity to perform his past work.  [Fifth], if the Plaintiff is unable to perform his past work, the burden of proof shifts to the Commissioner to determine whether there is other work which the Plaintiff could perform.  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (emphasis added); see also 20 C.F.R. §§ 404.1520(a), 416.920(a).

At issue here is the ALJ's calculation of Plaintiff's residual functional capacity ("RFC"), which describes a claimant's ability to do physical and mental work activities despite limitations from his impairments. *See* 20 C.F.R. § 416.920(e) and 416.945. The ALJ found that Plaintiff had the RFC for a reduced range of light work. Specifically, Plaintiff can lift and/or carry 20 pounds occasionally, 10 pounds frequently. "She can sit, with normal breaks, for a total of 6 hours per 8-hour workday, but can only stand and/or walk for a total of just 4 hours. Further, in terms of postural limitations, she can only occasionally climb, kneel, crouch, and crawl. Lastly, she must use a cane in one hand at all times when standing or walking." (Tr. 20.)

At the outset, the Commissioner urges the Court to deem all of Plaintiff's arguments waived because Plaintiff failed to specifically allege the particular errors the ALJ committed, or identify sufficient evidence to support a finding of disability. (Pl.'s Mem. at 14.) The Commissioner points the Court to *Constanza v. Comm'r*, No. 21–cv–6724 (BMC) (E.D.N.Y. July 5, 2023.) In that case, Plaintiff's counsel submitted a similar brief. (*Constanza*, No. 21-cv-6724, ECF No 9.) Judge Cogan criticized the brief as a "stream-of-consciousness brief" that is "only minimally helpful." (*Constanza*, No. 21-cv-6724 at 2, ECF No. 11-1.) Judge Cogan goes on to reason:

> The brief contains little to no argument; it just recites pieces of evidence and then makes a conclusory assertion that the case should be remanded. There is no explanation of why the evidence that plaintiff is citing so fundamentally contradicts the ALJ's decision that this Court must find a lack of substantial evidence or a procedural error that warrants remand.

*Id.* The same is true here.

Here Plaintiff purports to make seven arguments in support of remand. Notwithstanding Plaintiff's naked assertions, this Court finds that the ALJ's determination is supported by substantial evidence in the record. The ALJ conducted a thorough review of the evidence, specifically the ALJ considered Plaintiff's subjective complaints, including testimony that Plaintiff's cane was not prescribed, and that Plaintiff reported that her prescribed medication relieved her pain. (Def.'s Mem. at 17, *citing* Tr. 21, 41, 43, 302.) The ALJ also considered treatment notes from Dr. Sadhnani who documented abnormal findings with respect to Plaintiff's reduced strength, antalgic gait, and swelling. (Def.'s Mem. at 18.) Further, treatment notes from Dr. Rosenblatt, indicated heel spurs and plantar fasciitis, use of steroid injections to manage pain, and custom orthotics. The ALJ also reviewed notes from Plaintiff's physical therapy which documented pain and symptom improvement. Ultimately, the ALJ's review of the record confirmed for the ALJ, as it does this District Court, that there is substantial evidence in the record to support the RFC finding. Because the Court finds that the RFC was based on substantial evidence, it also finds that the ALJ properly relied on the testimony of the Vocational Expert. *See Watercock v. Astrue*, 420 F. App'x 91, 95 (2d Cir. 2011) ("[b]ecause we have already concluded that substantial record evidence supports the RFC finding, we necessarily reject [plaintiff's] vocational expert challenge").

Having reviewed the administrative record, the Court concludes that substantial evidence supports the Commissioner's determination. Accordingly, the Commissioner's motion for judgment on the pleadings is granted.

**CONCLUSION**

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings is GRANTED.  Plaintiff's motion for judgment on the pleadings is DENIED.

                                                SO ORDERED.

Dated:  Brooklyn, New York           /s/ LDH
       March 29, 2024                  LASHANN DEARCY HALL
                                        United States District Judge